IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BASIN ACQUISITION CORP.,
d/b/a Performance Mazda,

    Plaintiff,

v.

                                          Case No. 11-CV-179  JEC/ACT

MAZDA MOTOR OF AMERICA, INC.,
d/b/a Mazda North American Operations,

    Defendant.


**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiff's *Motion for Leave to Amend its Pleading*, filed June 1, 2011 (Doc. 15); Hi Country M/M Inc.'s ("Hi Country") *Motion to Intervene Pursuant to Federal Rules of Civil Procedure 24(a)-(b)*, filed June 8, 2011 (Doc. 20); and *Response of Defendant Mazda Motor of America d/b/a Mazda North American Operations to Motion of Hi Country M/M, Inc. to Intervene*, filed June 22, 2011 (Doc. 23).  Having reviewed the pleadings, the governing authority, and being otherwise fully informed, the Court finds that Plaintiff's *Motion for Leave to Amend its Pleading* ("Motion to Amend") and Hi Country's *Motion to Intervene Pursuant to Federal Rules of Civil Procedure 24(a)-(b)* ("Motion to Intervene") are well-taken and will be granted; Defendant's request for a stay of discovery in the *Response of Defendant Mazda Motor of America d/b/a Mazda North American Operations to Motion of Hi Country M/M, Inc. to Intervene* ("Response") is not well-taken and will be denied.

    **I.**    **Background**

This lawsuit arises out of a challenge to the intended termination by Mazda Motor of

America, Inc., d/b/a Mazda North American Operations ("Mazda) of its dealer agreement ("franchise") with Basis Acquisition Corp., d/b/a Performance Mazda ("Performance").  On January 18, 2011, Performance filed this action in Eleventh Judicial District Court, County of San Juan, challenging the intended termination of its franchise and seeking injunctive relief.  *See* Complaint.  On January 18, 2011, the state court entered an order granting a temporary stay of the termination, and on February 23, 2011, Mazda removed the case to this Court based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  *See* Doc. 1, ex. 3.  On June 1, 2011, Performance moved to amend its complaint to add claims resulting from Mazda's notification in "mid-May" that Performance's application to transfer its franchise to a potential buyer was denied.   Motion to Amend at 1.

On June 8, 2011, Hi Country, the potential purchaser of the franchise, moved to intervene, identifying a significant protectable interest in the case because of its written agreement with Performance to purchase the franchise.  *See* Motion to Intervene at 1.  On June 22, 2011, Mazda responded with no objection to the intervention but requested that any discovery or briefing related to its rejection of the application for transfer be stayed pending resolution of the claim that Mazda improperly terminated its franchise.  *See* Response at 2. Performance takes no position on the request to intervene or the request to stay discovery.

**II.**     **Legal Standards**

     **A.**     **Leave to Amend Complaint**

Rule 15(a) of the Federal Rules of Civil Procedure provides that, after a responsive pleading has been served, a party may amend its pleading "only by leave of court or by written consent of the adverse party" and "leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a).   Refusal to allow amendment is "generally only justified upon a showing of

undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party or futility of amendment, etc." *Foman v. Davis* 371 U.S. 178, 182 (1962); *see also Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005); *Frank v. U.S. West*, 3 F.3d 1357, 1365 (10th Cir. 1993).

### B. Intervention

Rule 24 of the Federal Rules of Civil Procedure governs intervention and provides, in pertinent part,

> **(a) Intervention of Right.** On timely application, anyone shall be permitted to intervene who:
>
> **(1)** is given an unconditional right to intervene by federal statute; or
>
> **(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24 (a).

The Tenth Circuit follows a somewhat liberal line in allowing intervention. *Coalition of Ariz./NM Counties for Stable Economic Growth v. Dep't of Interior*, 100 F.3d 837, 841 (10th Cir. 1999) (citing *Nat'l Farm Lines v. Interstate Commerce Comm'n*, 564 F.2d 381, 384 (10th Cir. 1977)). The court should assess the timeliness of the motion to intervene "in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances." *Sanguine, Ltd. v. United States Dep't of Interior*, 736 F.2d 1416, 1418 (10th Cir. 1984). "Federal courts should allow intervention where no one would be hurt and greater justice could be attained." *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001) (internal quotations and citations omitted).

In addition to making a timely application, in order to establish intervention as a matter of right, a prospective intervenor must demonstrate a "'direct, substantial, and legally protectable property interest'" and meet the minimal burden of showing that impairment of its substantial legal interest is possible if intervention is denied. *Vermejo Park Corp. v. Kaiser Coal Corp. (In re Kaiser Steel Corp.),* 998 F.2d 783, 791 (10th Cir. 1993) (quoting *United States v. Perry County Bd. of Educ.,* 567 F.2d 277, 279 (5th Cir. 1978); *San Juan County, Utah v. United States*, 503 F.3d 1163, 1195 (10th Cir. 2007). Further, a would-be intervenor must meet the minimal burden of establishing that its interests would not be adequately represented by an existing party. *Coalition of Ariz./NM Counties for Stable Economic Growth v. Dep't of Interior*, 100 F.3d 837, 840, 845 (10th Cir. 1999).

### C. Stay of Discovery

Pursuant to Rule 26(c) of Federal Rules of Civil Procedure, upon a showing of good cause, courts have the authority to issue a protective order "protect[ing] a party or person from annoyance, embarrassment, oppression, or undue burden of expense." Fed.R.Civ.P. 26(c). The decision whether to stay discovery rests within the discretion of the trial court. *See Wang v. Hsu*, 919 F. 2d 130, 130 (10th Cir. 1990). Generally, a stay of discovery is not warranted unless the case will likely be concluded as a result of the court's ruling on a pending motion. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). District courts in the Tenth Circuit have declined requests to stay discovery merely because potentially dispositive motions are pending. *See Wolf v. United States*, 157 F.R.D. 494, 495 (D.Kan. 1994); *Weatherspoon v. Miller*, 2011 WL 1485935 at *1 (D.Colo. 2011) (good cause for stay of discovery is not demonstrated by speculation or conclusory statements; rather, party seeking protection must demonstrate that the challenged discovery will result in a clearly defined and serious injury).

**III.    Analysis**

  **A.    The Court will Grant Performance Leave to Amend its Complaint**

Mazda has not established any reason, such as undue delay, bad faith or dilatory motive, or any other justification, to deny Performance's request.  In fact, Mazda has not responded to Performance's motion for leave to amend, and its failure to file a response constitutes its consent to grant the motion pursuant to D.N.M.LR-Civ. 7.1(b).  Accordingly, leave to amend is granted.

  **B.    The Court will Grant Hi-Country's Timely Motion to Intervene**

Hi Country timely seeks to intervene in this action and Mazda does not object.  Hi Country has demonstrated that it is entitled to intervene as a matter of right, having identified a significant protectable interest in the Mazda franchise based on its contract with Performance for transfer of the franchise.  Hi Country has also established that this interest may be impaired if it were not permitted to intervene.  *See Coalition of Arizona/New Mexico Counties v. Department of Interior*, 100 F.3d 837, 844 (10th Cir. 1996) (where an applicant has interest in property which may be impacted by a pending case, the *stare decisis* effect alone may be sufficient impairment to support intervention).  Hi Country has further demonstrated that its interest will not be adequately represented by the existing parties because Performance may not be similarly motivated to pursue the transfer.  Mot. to Intervene at 8.  *See Coalition,* 100 F.3d 837 at 845 ("the possibility of divergence of interest must not be great in order to satisfy the burden of the applicants.").  Indeed, a possibility of diverging interest exists, particularly should the dispute regarding the termination of the franchise be separately resolved.  Accordingly, Hi Country has satisfied the prerequisites of Rule 24(a)(2) for intervention as a matter of right.[1]

---

[1] Because Hi Country has met its burden of establishing intervention as a matter of right, the Court need not address the alternative request seeking permissive intervention.

### C. The Court will Deny Mazda's Request to Stay Discovery

Mazda requests that any discovery or briefing regarding rejection of the application for transfer be stayed pending resolution of Performance's claim that Mazda improperly terminated its franchise. Response at 2. Mazda asserts that resolution of the issues surrounding the rejection of the transfer would be unnecessary should the Court find that Mazda properly terminated Performance's franchise. Response at 2. Mazda offers no authority in support of its request to stay discovery. Pursuant to D.N.M.LR-Civ. 7.3(a), a response must cite authority in support of the legal positions advanced.

Hi Country responds that it has a statutory right as a prospective buyer under NMSA § 57-16-9 and § 57-16-5(L) to bring a claim against Mazda for the injury it has suffered as a result of Mazda's actions. Reply at 3. For this reason, Hi Country asserts that its claim would not be rendered moot even if it were determined that Mazda rightfully terminated the franchise. *Id*. Hi Country further asserts that granting Mazda's request would defeat the purpose of intervention because it would bar Hi Country from participating in the action and protecting its interest. *Id.* at 5.

Mazda's request for a stay of discovery based on the possibility that a future ruling may render Hi Country's claims moot does not establish "good cause" for the Court to issue a stay of discovery under Rule 26(c). Even when a party identifies a potentially dispositive motion pending before the court, a request for a stay is not routinely granted. *See Weatherspoon v. Miller*, 2011 WL 1485935 at *1 (D.Colo. 2011) (good cause for stay of discovery is not demonstrated by speculation or conclusory statements). The Court declines Mazda's invitation to speculate on the outcome of unidentified motions not yet filed or fully briefed. Accordingly, Mazda's request for a partial stay of discovery is denied.

## IV. <u>Conclusion</u>

Performance has established that leave to amend its complaint is proper. Hi Country has requested intervention in a timely manner and has met its burden of demonstrating its right to intervene. Mazda has not demonstrated good cause for a partial stay of discovery.

WHEREFORE,

I. **IT IS ORDERED** that Plaintiff's *Motion for Leave to Amend its Pleading*, filed June 1, 2011 (Doc. 15) is **GRANTED;**

II. **IT IS FURTHER ORDERED** that Hi Country M/M Inc.'s ("Hi Country") *Motion to Intervene Pursuant to Federal Rules of Civil Procedure 24(a)-(b)*, filed June 8, 2011 (Doc. 20) is **GRANTED**; and

III. **IT IS FINALLY ORDERED** that Defendant's request for a stay of discovery in its *Response of Defendant Mazda Motor of America d/b/a Mazda North American Operations to Motion of Hi Country M/M, Inc. to Intervene*, filed June 22, 2011 (Doc. 23) is **DENIED**.

Dated August 1, 2011.

_____
SENIOR UNITED STATES DISTRICT JUDGE